Paul Gattone
State Bar # 012482
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, Arizona  85701
(520) 623-1922
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council, and Darrell Tennon, | No. |
| Plaintiffs, | |
| vs. | **CIVIL RIGHTS COMPLAINT FOR DAMAGES** |
| Hong Ning House of Phoenix, Raiko LNU, Biltmore Properties, Inc. and The Phoenix Chinese Senior Citizens Association, | |
| | **JURY TRIAL DEMANDED** |
| Defendants, | |

Comes now the Plaintiff, Southwest Fair Housing Council and Darrell Tennon, through counsel undersigned, who hereby alleges as follows against Defendants Hong Ning House, Raiko LNU, Biltmore Properties and The Phoenix Chinese Senior Citizens Association.

**INTRODUCTION**

1. Plaintiff is the Southwest Fair Housing Council ("SWFHC"), a non-profit organization that provides comprehensive services to achieve and preserve equal access to housing for all people in the State of Arizona, including Tucson, Arizona.  Plaintiff Darrell Tennon, a prospective tenant of Defendants' apartment complex, was discriminated against due to his race.  Defendants, the owners, and managers of an apartment complex in Phoenix, Arizona, discriminate against prospective tenants

based on this race, by providing differing information regarding rental terms and policy to individuals based on their race.

2. SWFHC used a fair housing Tester to determine if Defendants treated all prospective residents the same, regardless of race.

3. Plaintiffs brings this lawsuit to compel Defendants to cease unlawful discriminatory practices and to implement policies and procedures that will ensure that prospective residents, regardless of disability, have equal access to Defendant's rental property.  Plaintiffs seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of race in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3602; Ariz. Rev. Stat. § 41-1491 et seq.; A.A.C. R10-2-103; and/or other state and common law causes of action.

**PARTIES**

4. Plaintiff SWFHC is a non-profit organization with its principal office located at 177 N. Church Avenue, Suite 1104, Tucson, AZ  85701.

5. Plaintiff Darrell Tennon was, at the time of the incidents alleged, a resident of Maricopa County.

6. SWFHC is a non-profit organization that provides comprehensive services to achieve and preserve equal access to housing for all people in the State of Arizona by eliminating housing discrimination and creating open, accessible, and inclusive communities.

7. To this end, SWFHC provides various services, including (a) information to the public and other nonprofit organizations in the State of Arizona about fair housing laws via classes, workshops, presentations and informational tables at events; (b) intake counseling to individuals and

organizations regarding allegations of housing discrimination; (c) testing and other investigations of allegations of housing discrimination; (d) legal referrals to cooperating attorneys; (e) assistance with the preparation and filing of administrative housing discrimination complaints; and (f) post-referral litigations support services.  SWFHC provides these services free of charge and without regard to income.

8. SWFHC also conducts testing investigations for government law enforcement agencies, provides technical assistance to nonprofit organizations engaging in fair housing enforcement activities, and engages in policy initiatives that further the SWFHC's mission, including the publication and dissemination of reports and educational materials.

9. SWFHC employs "Testers" who are individuals who pose as prospective renters, home buyers, residents, and the like for the purpose of obtaining information about the conduct of local governments, landlords, real estate agents, companies, and others to determine if illegal housing discrimination is taking place.

10. SWFHC expended staff time and other resources to investigate and respond to Defendants' discriminatory practices, which diverted resources away from other SWFHC activities.

11. Defendants' discriminatory rental practices frustrated SWFHC's mission that provides comprehensive services to achieve and preserve equal access to housing for all people by, among other things, prospective residents of all races.

12. Defendant Raiko LNU is the on-site manager of the Hong Ning House located in Phoenix, Arizona.  Upon information and belief, Defendant is an Arizona company owned by a property trust doing business in this judicial District.  Defendants are subject to the requirements of the Fair Housing Act, as well as all Arizona Fair Housing Laws.

13. Defendant Biltmore Properties is the manager, lessor, and/or operator of the Hong Ning House. Upon information and belief, Defendants are an Arizona company doing business in this judicial District with a principal place of business in Phoenix, Arizona. Defendant is subject to the requirements of the Fair Housing Act, as well as all Arizona Fair Housing Laws.

14. The Phoenix Chinese Senior Citizens Association is the owner of the Hong Ning House located in Phoenix, Arizona. Defendant is subject to the requirements of the Fair Housing Act, as well as all Arizona Fair Housing Laws.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state and local law.

**STATEMENT OF FACTS**

16. On approximately October 13, 2017 Plaintiff went to the Hong Ning House to put in an application for potential residency at the complex.

17. The Hong Ning House is a fifty-eight (58) unit located in Phoenix, Arizona.

18. The Hong Ning House is subsidized by the Department of Housing and Urban Development and provides housing to low-income senior citizens.

19. On or about October 13, 2017 while Plaintiff was allowed to submit an application for residency at the Hong Ning House he was told by an employee at the complex that he should go apply at other complexes because the owners of this complex are Chinese and takes mostly elderly Chinese people as tenants so his chances of being accepted into the complex were slim to none.

20. The on-site employee then referred Plaintiff to other complexes where he could apply for tenancy.

21. Plaintiff is not Chinese, but rather is African-American.

22. Plaintiff never heard back from the complex regarding his application and eventually got a unit at a different complex.

23. During the time that Plaintiff applied for residency at the Hong Ning House he was homeless and was living in a series of homeless shelters.

SWFHC Testing

24. SWFHC's testing investigation against the Defendants involved Testers making telephone calls to Defendants and going in to the rental office seeking information on residency. The Tester, operating under aliases, made inquiries on behalf of themselves as a purported prospective renter. The Testers gathered preliminary information about the property and inquired about potential residency at the complex.

25. A Protected Class Tester (PCT) using a fictitious profile, contacted Defendant Hong Ning House in regards to potential tenancy at the complex.

26. The PCT, who was white, spoke with a rental agent, but did not get a name. The PCT inquired about applying for residency at the complex. Defendants' agent informed the PCT that since he was not Chinese that he would most likely not be approved for tenancy at the complex.

27. A second PCT, who was black, also contacted Defendants' agent to discuss applying for residency at the complex.

**28.** The black PCT received inadequate service inadequate service and was not allowed or encouraged to apply for residency at the complex.

## COUNT ONE

(Violations of the Fair Housing Act Against All Defendants)

29. Plaintiffs restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

30. This action is brought to enforce the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, et seq.

31. Defendants own and lease dwellings within the meaning of U.S.C. § 3602(b), which includes "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families."

32. The FHA provides that it is illegal "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling…because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

33. Plaintiff's Testers were discriminated against in the terms and conditions of the rental of Defendants' property on the basis of race.

34. Defendants violated FHA by, inter alia, providing different privileges to individuals based on their race.

35. Plaintiff is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages, including diversion of resources and frustration of mission, as a result.

36. Accordingly, Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs pursuant to the FHA, 42 U.S.C. § 3613(c).

**COUNT TWO**
(Violation of Ariz. Rev. Stat. § 41-1491 et seq. Against All Defendants)

37. Plaintiffs restate and incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

38. At all times relevant to this action, the Arizona Fair Housing Statute, A.R.S. § 41-1491 et seq. has been in full force and effect and has applied to Defendants' conduct.

39. At all times relevant to this action, Defendants' facilities have been dwellings within the meaning of Ariz. Rev. Stat. § 41-1491(7).

40. Pursuant to Ariz. Rev. Stat. § 41-1491.14, it shall be unlawful to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling…because of race, color, religion, sex, familial status or national origin."

41. Defendants discriminated on the basis of race by offering different rental terms and conditions in violation of Ariz. Rev. Stat. § 41-1491.14.

42. The Arizona Fair Housing Statute extends standing and relief to any aggrieved person. Ariz. Rev. Stat. § 41-1491.31.  Plaintiff is an aggrieved person as defined by A.R.S. § 41-1491(1)(a).

43. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will continue to occur and continue to frustrate Plaintiff's mission.

44. Plaintiffs are therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendants' discriminatory conduct, including diversion of resources and frustration of mission, as hereinbefore alleged pursuant to Ariz. Rev. Stat. § 41-1491.31.

45. Plaintiffs are further entitled to an award of punitive damages pursuant to Ariz. Rev. Stat. § 41-1491.33.

46. Plaintiffs are further entitled to an award of reasonable attorneys' fees and court costs. Ariz. Rev. Stat. § 41-1491.33.

**CLAIM FOR RELIEF**

WHEREFORE, the Plaintiffs asks that this court grant him the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have discriminated in violation of FHA;

b. Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies individuals in need of housing from gaining meaningful access to and full and equal enjoyment of Defendants' rental properties based on race;

c. Order Defendants:

   i. To develop, implement, promulgate, and comply with a policy prohibiting future discrimination against individuals based on their race;

   ii. To train all their employees, staff, and other agents on a regular basis about the rights of individuals based on their race under the FHA;

   iii. To implement a program of testing Defendants' employees, staff, and other agents to determine whether they are complying with the requirements of the FHA

a. Award to Plaintiffs:

    i. Compensatory damages pursuant to the FHA and Arizona Fair Housing Statute;

    ii. Punitive damages pursuant to the FHA and Arizona Fair Housing Statue;

    iii. Reasonable cost and attorneys' fees pursuant to the FHA and Fair Housing Statute;

    iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    v. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

 Plaintiffs demand trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that a jury may award.

REPECTFULLY SUBMITTED this 11th day of October, 2019.


   _s/Paul Gattone_____
   Paul Gattone
   Attorney for Plaintiff